Filed 3/5/15  In re E.R. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re E.R., a Person Coming Under the Juvenile Court Law. | B256229 |
| | (Los Angeles County Super. Ct. No. VJ43841) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> E.R., <br><br> Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.   Kevin Brown, Judge.  Reversed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James W. Bilderback II, Supervising Deputy Attorney General and William N. Frank, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

1

E.R., a minor, attacks his adjudication for possessing a knife on school property on the grounds that the juvenile court should have suppressed the knife as the fruit of an unlawful seizure and search. We agree with E.R. that the school officials did not have reasonable grounds to search his backpack. The motion to suppress the knife found in the backpack should have been granted, and we accordingly reverse.

## FACTS AND PROCEDURAL HISTORY

E.R. is a 12-year-old male who attends a middle school in Lakewood, California. A security guard responding to a report of excessive noise found E.R. and a friend on school property after their classes for the day were over. The guard ordered them onto her golf cart so they could be taken to the principal's office. She noted that E.R. was "extremely nervous" and repeatedly asserted that he was "going to get in trouble." When they arrived at the principal's office, E.R. became increasingly agitated—crying and repeatedly stating, "I know I am going to get into trouble." Both the guard and the assistant principal asked E.R. to hand over the backpack he was carrying, but E.R. refused both requests. The assistant principal asked him to show what was in his backpack, but E.R. refused that request as well. The assistant principal then asked E.R. to empty his backpack and E.R. only partially complied. Eventually, E.R. handed over his backpack, and the assistant principal went through it and found a knife.

The People filed a petition against E.R. under Welfare and Institutions Code section 602 alleging a single count of possessing a weapon on school grounds (Pen. Code, § 626.10, subd. (a)(1).) E.R. moved to suppress the knife. The court denied the motion, and E.R. thereafter admitted the offense and was placed on probation for six months.

E.R. timely appeals.

## DISCUSSION

E.R. argues that the trial court erred in denying his motion to suppress because (1) the knife was the fruit of an unconstitutional detention, and (2) the assistant principal's search of his backpack was unconstitutional. Where, as here, the facts are

2

undisputed, we review the legality of a search or seizure de novo. (*People v. Redd* (2010) 48 Cal.4th 691, 719.)

## I.     Legality of detention

In the context of public school students, the Fourth Amendment's prohibition against "unreasonable" seizures means that school officials may detain students "as long as [the detention is] not arbitrary, capricious, or for the purpose of harassment." (*In re Randy G.* (2001) 26 Cal.4th 556, 567 (*Randy G.*); cf. *United States v. Arvizu* (2002) 534 U.S. 266, 273 [for adults, detention must be justified by reasonable suspicion].) As an initial matter, E.R. has forfeited any challenge to the lawfulness of his detention because he conceded its lawfulness before the juvenile court. (See *People v. Williams* (1999) 20 Cal.4th 119, 129-130 [forfeiture of issues in suppression motion occurs when issues not specifically raised].) E.R.'s challenge is without merit in any event. The security guard detained E.R. and his friend after finding them loitering on school grounds after their school day was over in the area from which excessive noise was reported. Her decision was accordingly not "arbitrary, capricious or for the purpose of harassment."

## II.    Legality of search

A search of a public school student's person or his belongings is "reasonable" under the Fourth Amendment if (1) there are reasonable grounds for suspecting the search will uncover evidence that the student was violated or is violating school rules (*In re Lisa G.* (2004) 125 Cal.App.4th 801, 806 (*Lisa G.*); *Randy G.*, *supra*, 26 Cal.4th at pp. 565-566; *New Jersey v. T.L.O.* (1985) 469 U.S. 325, 341-342), and (2) "the scope of the search is reasonably related to the circumstances that justified the initial search" (*Lisa G.*, at p. 805).

The assistant principal did not have "reasonable grounds" to search E.R.'s backpack. At the time of the search, the assistant principal knew that (1) E.R. was very nervous and feared he would "get into trouble," and (2) E.R. refused to hand over or completely empty his backpack. But neither reason is enough to supply the requisite suspicion. It is well established that nervousness alone does not supply reasonable

3

suspicion for a search (*People v. Brown* (1985) 169 Cal.App.3d 159, 164), and that the "'refusal to consent to a search cannot itself form the basis'" for a search (*In re H.H.* (2009) 174 Cal.App.4th 653, 658). We are not persuaded by the People's argument that the assistant principal had reasonable grounds for believing that E.R.'s distress was focused on the backpack or its contents. The distress E.R. exhibited is not atypical of a 12-year-old child being placed in a golf cart and taken to the principal's office for *any* reason. In the absence of any suspicion as to the backpack, we are left with a search justified solely by the reasons that warranted E.R.'s initial detention—namely, loitering and making excessive noise. Because the search of E.R.'s backpack is unrelated to those reasons, they provide no reasonable grounds for that search. (See, e.g., *Lisa G.*, *supra*, 125 Cal.App.4th at p. 166 [search of student's purse after disruptive behavior uncovered knife; not reasonable]; *In re William G.* (1985) 40 Cal.3d 550, 566 [search of student's calculator case when he was suspected of tardiness disclosed contraband; not reasonable].)

The People urge us to uphold the search as consensual. A search conducted pursuant to voluntary consent is certainly lawful under the Fourth Amendment. (*People v. Rodriguez* (2014) 231 Cal.App.4th 288, 302.) Whether consent is voluntary or instead "'the product of duress or coercion, express or implied,'" is a question we evaluate from the totality of the circumstances. (*Ibid.*) In this case, E.R.'s "consent" consisted of handing the assistant principal the backpack after refusing the security guard's and assistant principal's initial requests to hand over the backpack, after refusing the assistant principal's request to show him what was in the backpack, and after refusing to comply fully with the assistant principal's request to empty the backpack. Under these circumstances, E.R.'s eventual surrender of the backpack was more a capitulation than a voluntary act. We conclude there was no voluntary consent.

4

**DISPOSITION**

The judgment is reversed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, P. J.

BOREN


_____, J.

CHAVEZ


5